# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JEAN PAUL CREPPEL (#501207)**                                            **CIVIL ACTION**

**VERSUS**

                                                                **23-290-SDD-RLB**

**J.P. CASHIO, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 29, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEAN PAUL CREPPEL (#501207)                                    CIVIL ACTION

VERSUS
                                                               23-290-SDD-RLB
J.P. CASHIO, ET AL.


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola,

Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against J.R. Cashio, P. Smith, and

Cynthia Park complaining that his constitutional rights have been violated due to deliberate

indifference to his serious medical needs. Plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an

action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim

against a governmental entity or an officer or employee of a governmental entity if satisfied that

the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be

granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis

either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is

factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations

that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in

law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the

violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges that on May 19, 2019, he began to experience sharp pain in his neck, and was unable to urinate or use his legs. He made an emergency request for medical assistance. The plaintiff was examined by an EMT and told to make a regular sick call.

On May 20, 2019, the plaintiff made another request for emergency medical assistance and was again told that his condition was not an emergency. The plaintiff made a third request on the same date and was examined by defendants Cashio and Smith. Plaintiff informed defendants Cashio and Smith that he was experiencing sharp pain in his neck and could not feel his legs. Defendant Cashio roughly palpated the plaintiff's neck and remarked that he didn't feel a deformity or anything out of place. Defendant Smith then said there was no need to transport the plaintiff for further treatment, and defendant Cashio confirmed with defendant Park that transport was not necessary.

Later that night, the plaintiff made a fourth request for emergency medical assistance. He was found on the floor by defendants Cashio and Smith. Plaintiff explained to these defendants that he had fallen, heard a popping sound in his neck, and believed that his neck was broken. Defendant Cashio again palpated the plaintiff's neck.

Without applying a cervical collar, defendants Cashio and Smith began to move the plaintiff from the floor. The plaintiff yelled for the defendants to stop because it was hurting his neck and was told to be quiet. Defendants Cashio and Smith then grabbed the plaintiff under his arms and by his legs to move him onto a gurney. During this time, the plaintiff's neck was hanging and without support. The plaintiff is now wheelchair bound.

## Prescription

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[1] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the incident complained of by Plaintiff occurred on May 19 – May 20, 2019, by which date Plaintiff was possessed of sufficient information to place him on notice of

---

[1] *See* La. Civ. Code Art. 3456

the existence of his cause of action regarding the alleged deliberate indifference to his serious

medical needs. Accordingly, Plaintiff's claims accrued on that date, and he had one year within

which to file a complaint in this Court. Ordinarily, therefore, any claim that Plaintiff may have

had against Defendants arising out of the incident complained of would have prescribed no later

than May 20, 2020, the one-year anniversary of the incident. Further, inasmuch as Plaintiff did

not file his federal Complaint until April 6, 2023, the date that he apparently signed it, it appears

from the face of the Complaint that his claim is time-barred.  Accordingly, the burden of proof

shifts to Plaintiff to show that the limitations period in this case was interrupted or tolled during

the one-year period.

In computing the applicable limitations period, this Court is obligated to take into account

the time during which the administrative proceedings were pending within the prison system.

*See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a

properly-filed administrative grievance will act to toll or suspend the running of the one-year

limitations period for a prisoner's claim).

The filing of an administrative grievance, however, only tolls or suspends, and does not

interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the

limitations period for a prisoner's claim "shall be suspended upon the filing of [an

administrative] ... grievance and shall continue to be suspended until the final agency decision is

delivered"). Thus, this Court is required to count against Plaintiff the passage of days that

elapsed both before the filing of the pertinent administrative grievance and after the conclusion

of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st

Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an

interruption, "the period of suspension is not counted toward the accrual of prescription but the

time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

In the instant matter, the plaintiff did not file an administrative grievance until sometime in 2022 ("LSP-2022-2168), by which time his claim had already prescribed. As such, the filing of the administrative grievance could not suspend the running of the prescriptive period that had already expired. Accordingly, it appears the Complaint was not filed within the one-year limitations period and the plaintiff's claims prescribed prior to filing suit.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on June 29, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."