SCANNED at LSP and Emailed
8-8-23 by LB, 9 pages
date    initials    No.

RECEIVED
AUG 08 2023
Legal Programs Department

IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEAN PAUL CREPPEL/#501207** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 23-290-SDD-RLB** |
| **versus** | : | |
| | : | **JUDGE SHELLY D. DICK** |
| **J.P CASHIO, ET AL.** | : | |
| *Defendants* | : | **MAG. ROBERT L. BOURGEOIS** |

## MOTION TO ALTER OR AMEND JUDGMENT [REC. DOC. #7]

**NOW INTO COURT** comes Plaintiff, JEAN PAUL CREPPEL/#501207, *pro se*, in the above titled and numbered civil action, who respectfully moves this Honorable Court to Alter or Amend the Ruling and Order [Rec. Doc. #7] dated July 20, 2023 for the following reasons, to-wit:

1. On June 29, 2023, the Honorable Magistrate, R.L. Bourgeois recommended dismissal of this lawsuit with prejudice based on an erroneous conclusion of *prescription* from the face of the record.

2. Mr. Creppel's ARP # is LSP-2019-1470. A copy of the 1st and 2nd Step ARP-LSP-1470 underlying this complaint is enclosed and shows that last step was received after 3/13/2023 in response to the 19th JDC Order to provide a 2nd Step in a Writ of Mandamus.

3. The ARP # listed on the Uniform Application for §1983 is a typo attributable to human error and should not operate as a prescriptive bar once the error has been judicially noticed.

4. Under *Harris v. Hegmann*, the one year prescriptive period for filing a lawsuit is tolled the entire time a properly and timely filed grievance is pending at the administrative level.

5. Mr. Creppel timely filed ARP-LSP-2019-1470, which was answered at the first step on 8/23/2019 and submitted for second step review within five days of that date to DPS&C Headquarters.

6. This ARP then languished at the 2nd Step without response until Mr. Creppel was finally forced to Petition the Louisiana 19th Judicial District Court, East Baton Rouge Parish in a Petition for Writ of

1

Mandamus to Order the DPS&C to provide a 2nd Step so he could file a Petition for Damages.

7. The 19th Judicial District Court [Docket No. C-724959, Section 23] Ordered the DPS&C to provide a 2nd Step Response on March 7, 2023.

8. The DPS&C finally provided a 2nd Step response to ARP-LSP-2019-1470 [the grievance of facts/events underlying this lawsuit on or about March 14, 2023. [See Attached Notice of Compliance from the DPS&C Attorney assigned to respond to the Writ of Mandamus].

9. The one-year prescriptive period to file a Petition for Damages based on the events in ARP-LSP-2019-1470 began to run in March 2023 after the 2nd Step ARP response issued on order the 19th Judicial District Court pursuant to the Writ of Mandamus and does not expire until March 14, 2024.

10. Mr. Creppel moved this Honorable Court to dismiss this lawsuit because he had located a lawyer willing to provide *pro bono* services, but who wanted to submit the Petition for Damages in a state forum with concurrent jurisdiction [the Louisiana 20th Judicial District Court – West Feliciana parish] under Louisiana tort law which is a much easier legal burden to establish.

11. Mr. Creppel asked this Honorable Court to dismiss his federal complaint under §1983 *Without Prejudice*, so his attorney could pursue this matter in his behalf in the state forum.

12. However, the Order and Ruling [Rec. Doc. #7] dismisses this federal complaint *With* Prejudice based on prescription, thereby unfairly providing Defendants with a complete defense of *res judicata*, when this matter is not prescribed in either state or federal court until after 3/14/2024.

13. Plaintiff seeks only to have the Ruling and Order Altered or Amended to dismiss the §1983 lawsuit *without* prejudice, freeing Mr. Creppel and his *pro bono* attorney to pursue his valid claim under Louisiana tort law in the state 20th Judicial District Court. The date on the 2nd Step ARP response submitted with the §1983 complaint shows on the face of the record that Mr. Creppel filed suit well within the one year prescriptive period from March 14, 2023 issuance of the 2nd Step ARP-LSP-2019-1470.

14. The date the 2nd Step Response issued started the one-year prescriptive period under *Harris v. Hegmann*. Mr. Creppal asks this Honorable Court to alter or amend this Ruling and Order on the authority granted through FRCP Rule 59(e) as being a fair and equitable remedy.

15. Plaintiff is remiss to pursue his cause of action which prescriptive period does not end until March 2024, with the existence of the Ruling and Order dismissing this matter with prejudice under the doctrine of *res judicata*.

## CONCLUSION

**WHEREFORE**, Mr. Creppal respectfully prays this Honorable Court grant this Motion to Alter or Amend under FRCP Rule 59(e) to dismiss this matter without prejudice so his attorney may pursue this still valid cause of action in the state forum under Louisiana tort law.

Respectfully Submitted,

Jean Paul Creppal/#501207
Louisiana State Penitentiary
Main Prison East/Ash-1
Angola, La. 70712

IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEAN PAUL CREPPAL/#501207 | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 23-290-SDD-RLB |
| versus | : | |
| | : | JUDGE SHELLY D. DICK |
| J.P CASHIO, ET AL. | : | |
| *Defendants* | : | MAG. ROBERT L. BOURGEOIS |

## PROPOSED ORDER

**IN CONSIDERATION** of the Motion to Alter or Amend Judgment, Plaintiff, JEAN PAUL CREPPAL/#501207, *pro se*, has requested the Ruling and Order [Rec. Doc. #7] dated July 20, 2023 altered to reflect dismissal without prejudice because his cause of action has not prescribed.

In support of this Motion, Mr. Creppal has provided "Notice of Compliance" [dated March 14, 2023] prepared by the Louisiana State Attorney General's Office in behalf of the Department of Public Safety and Corrections in a Writ of Mandamus he filed to compel a 2nd Step Response to the ARP-LSP-2019-1470, underlying this federal complaint.

In referring to the record, the 2nd Step Response in to ARP-LSP-2019-1470 [underlying this complaint as reflected on the Uniform Application for §1983 complaint lists ARP-LSP-2019-1470 as the administrative grievance underlying this complaint and the 2nd Step did not issue until March 2023, well within the one year prescriptive period under Harris v. Hegmann, cited by the Magistrate in his Report and Recommendation. [Rec. Doc. #4]

Therefore the Ruling and Order [Rec. Doc. #7] should be altered or amended to order dismiss *without* prejudice, thereby permitting the Plaintiff to pursue this matter without unjust hindrance in the state forum with concurrent jurisdiction. Therefore,

**IT IS ORDERED** that the Plaintiff's Motion to Alter or Amend under FRCP RULE 59(e) is GRANTED and Record Document #7 is altered to reflect dismissal *without* prejudice.

**IT IS FURTHER ORDERED** the Clerk of Court shall substitute the altered or amended Ruling and Order with the original and shall send a copy to all parties

**THUS SIGNED IN BATON ROUGE** On This_____Day Of_____, 2023.

_____
CHIEF JUDGE, SHELLY D. DICK

4

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2019-1470

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: CREPPEL, JEAN PAUL  501207       LSP
    Offender Name and Number      Living Unit

Received in this Office on 03/10/2023:

The Division of Prison Operations Internal Affairs staff was instructed to review and provide a second step response to ARP #LSP-2019-1470 even though there is no record of receiving a request from you to proceed to step two. Below is our response after a review of your grievance and your medical records was completed.

Per your medical records, on 5/20/2019 at 1755 hrs, security staff contacted the medical unit and requested their assistance in your housing unit. Upon their arrival, you were seen sitting upright in a borrowed walker chair in no apparent distress. You informed the medical staff you could not feel your lower body and that you had received an unknown "neck injury" one (1) week ago. After your assessment was completed, the results were reported to the Nurse Practitioner. Based on said results, no transport order was given and you were instructed to keep your appointment; therefore, the medical staff left you with security staff in your housing unit and noted you were in no distress. Later, that same evening, at 2248 hrs, security staff contacted the medical unit and requested their assistance in your housing unit. When the medical staff arrived at your housing unit, you were observed lying supine (face up) on the ground next to the toilet holding your head up on a pillow. You informed the medical staff at that time, that you had fallen to the ground and heard a "pop" and thought your neck was broken. Upon the completion of their assessment, it was noted that they did not observe any obvious deformities; you had good distal pulse and motor function in all extremities; upon placing you on a stretcher, you voiced complaints of pain to your neck and back; you denied n/v/d (nausea, vomiting, diarrhea) and cp (chest pain); you had no signs of trauma; you were alert and oriented; you were transported to the ATU to be assessed by the ranking medical staff. Once you arrived at the ATU, you were examined by the physician and it was determined that you were to be transported to the University Medical Center New Orleans (UMCNO) for further evaluation. Thus, you were transported to the UMCNO. When the UMCNO medical staff began their examination of your person, you informed them that you had been complaining of neck pain over the last several weeks; you also informed the UMCNO staff that you had been working with a fellow inmate who was a previous chiropractor and he had manipulated you four (4) days ago; your neck pain had not changed; you indicated that yesterday (5/20/2019), you underwent a second manipulation by this other inmate for your neck and felt your neck crack; you reported you were then unable to move your legs or feel the urge to urinate. The UMCNO medical staff noted that your primary diagnosis was a cervical spinal cord injury caused by manipulation. The UMCNO appropriately addressed your medical needs at that time as well as the LSP medical staff. Medical opinion is controlling. It is unfortunate that you allowed another inmate to manipulate your neck until you heard a "pop;" nonetheless, the documentation forwarded by LSP staff revealed that the security and medical staff reacted appropriately and you received prompt medical care. There is no evidence to support the allegations you made towards the two (2) EMT's who completed your initial assessments nor is there evidence to suggest this incident occurred as a result of staff negligence. This office finds no further investigation is warranted. Your request for relief is denied.

7-13-23
_____      _____
Date      Secretary's Signature or His Designee

CASE NUMBER: LSP-2019-1470

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: CREPPEL, JEAN PAUL 501207        TC W1
                                     Living Quarters

Response to request dated , received in this office on 07/10/2019

In response to ARP # 2019-1470, a review of your medical records was completed.

You were seen twice by the ambulance crew with a numbness complaint the first time and a fall the next time. According to both medics, your complaints and the signs/symptoms did not match the assessment. They also state that you were belligerent with them. For the second ambulance run, you were taken to the ATU where you were evaluated by the on call health care practitioner.

The documentation supports that you were treated appropriately, according to the findings of your assessment. All of the EMT's are licensed by the Dept. of Health and Hospitals, registered with the National Registry of Emergency Medical Technicians and governed by the Bureau of Emergency Medical Services.

You have failed to prove any wrong doing by any part of LSP's medical staff.

Your request for administrative remedy is denied.

L. Ducote RN / Col. Darren Cashio NRP

Prepared by: _____

Tracy Falgout RN, CCN/M
Deputy Warden 5

8/23/19
Date

Joseph F. G. Lamartiniere
Deputy Warden
Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ) I am not satisfied with this response and wish to proceed to Step Two.

Reason: _____
_____
_____

| | | |
|---|---|---|
| JEAN PAUL CREPPEL #501207 | : | NUMBER: C-724959  SECTION: 23 |
| VERSUS | : | 19TH JUDICIAL DISTRICT COURT |
| LA. DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | : | PARISH OF EAST BATON ROUGE |
| | : | STATE OF LOUISIANA |

*****************************************************************

## NOTICE OF COMPLIANCE

NOW INTO COURT, through undersigned counsel, comes James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("Department"), who in response to this Court's order states the following:

1.

This matter came before this Honorable Court for a status conference on March 7, 2023. Per the court minutes, this Honorable Court ordered the Department to submit the second step and supplement the record within thirty (30) days.

2.

In compliance with the March 7, 2023 court minutes, the Department has attached as Exhibit "A" a copy of the Department's Second Step Response in LSP-2019-1470.

**WHEREFORE**, the Department prays that this Compliance be deemed good and sufficient.

Respectfully submitted,

ADRIENNE AUCOIN (#31606)
Attorney for the Secretary
LA Department of Public Safety & Corrections
P.O. Box 94304, Capitol Station
Baton Rouge, La. 70804-9304
Telephone:    (225) 342-6745
Facsimile:     (225) 342-3278
Email:    adrienne.aucoin@la.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Compliance has been served upon the Petitioner in this proceeding by placing same in the United States Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana this 14th day of March, 2023.

Adrienne Aucoin

| | | |
|---|---|---|
| JEAN PAUL CREPPEL #501207 | : | NUMBER: C724959 SECTION: 23 |
| | : | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | | |
| | : | PARISH OF EAST BATON ROUGE |
| LA STATE DEPT. OF PUBLIC SAFETY & CORRECTIONS, ET AL | : | STATE OF LOUISIANA |

*************************************************************************

## ANSWER

NOW INTO COURT, through undersigned counsel, comes James M. LeBlanc, who in response to Plaintiff's Petition states the following:

1.

Petitioner has filed the instant lawsuit asserting claims under state law. Pursuant to the provisions of La. R.S. 15:1184(A), "[n]o prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted." (See also Local Rule XII, §5 "Ordinary Proceedings filed pro se by Offenders/Prisoners").

2.

Within the Department of Public Safety and Corrections there have been promulgated a number of Corrections Administrative Remedy Procedures (and subsequent amendments thereto) which originally became effective September 18, 1985, for the purpose of receiving, hearing, and disposing of complaints and grievances by inmates. [(See Louisiana Administrative Code (LAC 22:I.325); *Louisiana Register,* (LR 11:1089); and, In Re: Louisiana Department of Public Safety and Corrections Administrative Remedies Procedure, CA 85-592-B (M.D. La.)].

3.

In response to Petitioner's Complaint, the Department submits Administrative Remedy Procedure No. ("ARP") LSP-2019-1470, filed by JEAN PAUL CREPPEL, D.O.C. #501207.

4.

Defendant denies the allegations of Petitioner and specifically states that petitioner's writ of mandamus be dismissed, as the Department has answered his Administrative Remedy Procedure complaint. **WHEREFORE,** Defendant prays that this Answer be deemed good and sufficient and that after due proceedings, Plaintiff's suit be dismissed with prejudice at his cost.

Respectfully submitted,

*[signature]*

ELIZABETH B. DESSELLE (#35034)
Attorney for the Secretary
LA Department of Public Safety & Corrections
P.O. Box 94304, Capitol Station
Baton Rouge, La. 70804-9304
Telephone:   (225) 342-6697
Facsimile:    (225) 342-3278
Email:         liz.desselle@la.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Answer has been served upon the Petitioner in this proceeding by placing same in the United States Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana this __19__ of __January__, 2023.

*[signature]*
Elizabeth B. Desselle