# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JEAN PAUL CREPPEL (#501207)            CIVIL ACTION

VERSUS

                                                  23-290-SDD-RLB

J.P. CASHIO, ET AL.

## RULING

Before the Court is the plaintiff's Motion to Alter or Amend Judgment (R. Doc. 9), wherein the plaintiff requests that the Court vacate its Ruling and Order (R. Docs. 7) granting his motion for voluntary dismissal and dismissing this matter with prejudice.

"Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet*, 367 F.3d at 479).

Courts have considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, however, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* "Because of the interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously." *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759, *1 (E.D.La. Aug. 2, 2006).

In the instant matter the Magistrate Judge found that the plaintiff's claim prescribed prior to filing suit and recommended that the plaintiff's action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. As explained by the Magistrate Judge, the plaintiff's claim appeared time-barred from the face of the Complaint because the plaintiff alleged the event occurred on May 19-20, 2019, and that he did not file a grievance until over a year later, sometime in 2022. *See* R. Doc. 4. The plaintiff did not file an objection to the Magistrate Judge's Report and Recommendation but subsequently filed an Ex Parte Motion to Voluntarily Dismiss Complaint (R. Doc. 6), wherein the plaintiff requested dismissal, without prejudice, so that he could refile his claim in the state courts. Noting that the Magistrate Judge recommended dismissal with prejudice and that the plaintiff had requested dismissal without prejudice, the Court dismissed this action with prejudice. *See* R. Doc. 7.

Plaintiff now asserts that the grievance identified in his Complaint was a typo attributable to human error, and that he filed a grievance (LSP-2019-1470) in 2019. He received a First Step Response on August 23, 2019. However, he did not receive a Second Step Response until March 14, 2023, after the plaintiff filed a Writ of Mandamus in the 19th Judicial District Court.

Based on the foregoing, the plaintiff's claim still prescribed prior to filing suit. If am inmate is not satisfied with the First Step Response, the inmate has five days within which to submit a Second Step appeal to the office of the Secretary of the Department, after which the Secretary's office has an additional 45 days from "receipt" of the inmate's appeal to file a final Second Step Response thereto. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b). No more than 90 days from the initiation to the completion of the process shall elapse unless an extension has been granted. *Id.* As pertinent to the instant case, the administrative rules specifically provide that, upon passage of the time allowed for a response at any step of the administrative process,

the inmate may proceed unilaterally to the next step thereof. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).

As such, when the plaintiff did not receive the Second Step Response within the above time period, he was entitled to unilaterally proceed to the next step (filing of suit) and prescription began to run again at this time (approximately October of 2019). Plaintiff did not file suit until April 6, 2023, by which time his claim had already prescribed. Therefore, regardless of which dates are used, the plaintiff's claim prescribed prior to filing suit and dismissal with prejudice was appropriate. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 9) is **DENIED**.

Signed in Baton Rouge, Louisiana March 14, 2024

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**